**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS WARNER JONES,**

**Petitioner,**

**v.** **CASE NO. 08-3195-RDR**

**SHELTON RICHARDSON, et al.,**

**Respondents.**

**O R D E R**

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC), a private prison facility operated by the Corrections Corporation of America (CCA). Petitioner is serving a sentence imposed in the State of Maryland in 1985 for felony murder and a handgun offense. He was recently transferred to the LDC to serve part of his Maryland state sentence pursuant to an agreement between the Maryland Department of Corrections (MDOC) and the LDC/CCA. He claims he is being illegally detained.

**GROUNDS**

As ground one for his Petition, Mr. Jones claims he has been banished and exiled from Maryland pursuant to an intergovernmental agreement between Maryland and the United States Marshals Service and the CCA, without provision of constitutional

rights, and that the LDC is without "territorial-boundary jurisdiction." As ground two, he claims Maryland has relinquished custody, "against the rules of" Supreme Court cases he cites from the 1800's[1]. As ground three, he claims that the CCA has and "plans to arbitrarily punish" him contrary to other cited Supreme court cases. In an attached affidavit, petitioner also complains that he has been banished from his "birth state," his family, and his "religious-cultural society"; and "restrained of every use and ability to acquire personal property." Petitioner asserts that his detention at the LDC is illegal, without jurisdiction, and violates his due process and equal protection rights.

**FILING FEE**

At the outset the court notes Mr. Jones has not paid the district court filing fee of $5.00 for this habeas corpus petition. Nor has he submitted a motion for leave to proceed without prepayment of fees. This action may not proceed further unless and until petitioner satisfies the filing fee in one of these two ways. The clerk will be directed to provide petitioner with forms on which to file a motion for leave to proceed without prepayment of fees. Petitioner should pay careful attention to the statutory requirement that this motion must be accompanied by a certified copy of his inmate account for the six months immediately preceding

[1] The court has briefly reviewed the cases cited by petitioner and finds they have no relevance to the claims raised herein. For example, U.S. v. Peters, 9 U.S. 115, 139-40 (1809) involved a maritime attachment of proceeds from the sale of a "prize vessel and cargo;" and Wilkinson v. Leland, 27 U.S. 627 (1829), involved an ejectment for the recovery of a "lot of ground."

the filing of this action from all institutions in which he was confined during that time period. If petitioner does not satisfy the filing fee within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.

**FAILURE TO SHOW EXHAUSTION**

Petitioner is a state prisoner complaining about the execution of his sentence by authorities from the MDOC and employees of the LDC/CCA. While constitutional challenges to the execution of a state inmate's sentence are properly raised in federal court under 28 U.S.C. § 2241, exhaustion of prison administrative and state court remedies is a prerequisite to proceeding in federal court on such claims. Mr. Jones does not show in his Petition that he has presented his claims by way of prison administrative remedies to officials at either the LDC/CCA or the MDOC. Nor does he show that he has sought relief in the appropriate state courts. He will be given the opportunity to show that he has fully exhausted all available remedies. If he fails to adequately respond, this action may be dismissed without prejudice and without further notice.

**FAILURE TO STATE FACTS TO SUPPORT FEDERAL CONSTITUTIONAL CLAIM**

In the interest of judicial economy, the court further finds that petitioner's claims are subject to being dismissed as completely conclusory, and for failure to allege facts indicating

the violation of a federal constitutional right or federal law. Petitioner's bald assertions that his detention at the LDC is illegal, without jurisdiction, and violates due process and equal protection, are supported by no factual allegations whatsoever. Such conclusory statements are simply insufficient to present a federal constitutional violation.

Petitioner's assertions that he has been exiled, banished and punished by the transfer out of Maryland fail to state a violation of federal or constitutional law. Under 28 U.S.C. § 2241(c)(3), "The writ of habeas corpus shall not extend to a prisoner unless" he is "in custody in violation of the Constitution or laws of treaties of the United States." Over twenty years ago, the United States Supreme Court reviewed the claims of an inmate from Hawaii that his transfer to the mainland violated his constitutional rights. Olim v. Wakinekona, 461 U.S. 238 (1983). In rejecting the claims, which were substantially similar to petitioner's, the Supreme Court held:

> Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular state.

Id. at 245-46. The Court reasoned that there are corrections compacts between states and many states with statutes (like Maryland's) that provide for the incarceration of one state's prisoner in the prison of another state or in the federal prison system, so "[i]t is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the

one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State." Id. at 246-47. The Court concluded that "[c]onfinement in another State . . . is "within the normal limits or range of custody which the conviction has authorized the State to impose." Id. at 247. In Olim, the Supreme Court also specifically rejected arguments that the inmate's interstate transfer was unconstitutional because it amounted to "exile" or "banishment" not justified by the inmate's sentence, and caused hardships including separation from family, home, friends, difficulty in making contact with counsel, and interruption of rehabilitative and educational programs[2]. Id. at 248 FN9; see also Overturf v. Massie, 385 F.3d 1276, 1279 (10th Cir. 2004); Garcia v. Lemaster, 439 F.3d 1215, 1219 (10th Cir. 2006)(provisions within the Interstate Corrections Compact under which an inmate is subjected to an out-of-state prison's procedures for classifying inmates housed in that state's prisons do not impose an "atypical or significant hardship" on the inmate.). The claim of denial of due process was also specifically rejected in Olim, with the Court finding none due prior to an interstate transfer.

Mr. Jones alleges no facts herein which distinguish his case from Olim or which indicate that Maryland statutes or regulations created a constitutionally protected liberty interest

---

[2] Claims regarding conditions of confinement are not properly raised in a habeas corpus petition. Mr. Jones has already filed a related civil rights complaint (Jones v. Rowley, et al., No. 08-3207-SAC), which is pending.

in a Maryland inmate serving his sentence only in Maryland. Petitioner's own attachments suggest that he has been provided, rather than denied, some procedural process. For example, he attaches a copy of a Memorandum to him from the MDOC notifying him of his out-of-state transfer for housing purposes. It refers to the Intergovernmental Agreement (IGA) under which he was transferred from Maryland, and provides that the transfer is authorized by a Maryland statute. He also attaches communications from a LDC/CCA official, containing information for inmates transferred from Maryland as to their inmate accounts and incoming funds, personal property, mail, and the segregation review process at LDC/CCA. He also exhibits a copy of "Phased Plan for Maryland Inmates," which describes four phases of housing and custody classifications for which the Maryland transferees will be eligible and evaluated, including possible transfer with demonstrated appropriate behavior to non-segregation type housing, a CCA state facility, and ultimately back to a MDOC facility.

The court concludes from the foregoing that petitioner has failed to state grounds entitling him to federal habeas corpus relief. In sum, the transfer of a state inmate to another facility, either in-state or out-of-state, for service of his sentence does not violate federal law or constitutional provisions, and the sending state does not lose jurisdiction. Overturf, 385 F.3d 1276, 1279 (10th Cir. 2004), *citing* Blango v. Thornburgh, 942 F.2d 1487, 1490 (10th Cir. 1991)(transferring state does not lose jurisdiction over a transferred inmate). The decision as to where

to house petitioner for service of his Maryland sentence is a matter purely within the discretion of MDOC officials. Petitioner will be given time to allege facts showing a federal violation, or this action will be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to submit the filing fee of $5.00 or a Motion for Leave to Proceed on Appeal Without Prepayment of Fees; and in which to show cause why this action should not be dismissed for the reasons stated herein.

The clerk of the court is directed to transmit forms for filing a Motion to Proceed Without Prepayment of Fees to petitioner.

**IT IS SO ORDERED.**

**DATED: This 3rd day of September, 2008, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**