IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS WARNER
JONES,

     **Petitioner,**

    v.         CASE NO. 08-3195-RDR

SHELTON RICHARDSON,
et al.,

     **Respondents.**

### O R D E R

This action was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is serving a lengthy sentence imposed by the State of Maryland. He is currently housed at the Leavenworth Detention Center in Leavenworth, Kansas, operated by Corrections Corporation of America (LDC/CCA), pursuant to an agreement between the Maryland Department of Corrections (MDOC) and the LDC/CCA. He claims his detention outside the State of Maryland is unconstitutional.

Upon initial review of the Petition, the court issued an Order finding Mr. Jones' had not satisfied the filing fee requirement, had not shown exhaustion of administrative and state court remedies, and had failed to state a claim for relief under § 2241. He was given time to respond, and has since filed a Response, a Motion for Leave to Proceed in forma pauperis, two Supplements, various exhibits, and a "Status Report". In addition, he has paid the filing fee of $5.00. Having considered all the materials filed, the court finds as follows.

The court erroneously stated in its prior Order that Mr. Jones had not submitted a motion for leave to proceed without prepayment of fees, when in fact he had (Doc. 2). His attention was also called, however, to the statutory requirement that his motion must be supported by a certified copy of his inmate account for the six months immediately preceding the filing of this action from all institutions in which he was confined during that time period. The court need not determine whether plaintiff has filed a motion supported by sufficient financial information because both motions for leave to proceed in forma pauperis were rendered moot by his payment of the filing fee.

In its prior Order, the court found that Mr. Jones, in confinement due to state process, must show he exhausted all available prison administrative remedies at either the LDC/CCA or the MDOC and that he has sought relief in the appropriate state courts. Petitioner has since provided copies of some grievances filed by him on various matters. However, he has not shown that he properly followed and completed all steps of the prison grievance process on any of the claims raised in his Petition, or that he has pursued any state court remedies on these claims.

The court found in its previous Order that Mr. Jones' claims were subject to being dismissed as completely conclusory, and for failure to allege facts indicating the violation of a federal constitutional right or federal law. As petitioner was informed, under 28 U.S.C. § 2241(c)(3) the "writ of habeas corpus shall not extend to a prisoner unless" he is "in custody in

violation of the Constitution or laws or treaties of the United States". He was also informed that the transfer of a state inmate to another facility, even out-of-state, for service of a lawful sentence does not violate federal law or constitutional provisions. Mr. Jones' Response utterly fails to allege any additional facts to support a claim of violation of the Constitution or laws of the United States. Instead, the Response consists of several completely conclusory legal arguments and numerous legal citations, generally not shown to have sufficient relevance to his claims. The court concludes that, for the reasons stated in its Order of September 3, 2008, and herein, petitioner has still failed to state sufficient facts to support a claim for relief under 28 U.S.C. § 2241, and that this action must be dismissed as a result.

The court notes that in petitioner's Supplements[1], Status Report, and exhibits are some references to claims regarding conditions of his confinement, such as "bodily restraint without due process", requests for medical attention and medication, First Amendment rights, indefinite solitary confinement, mail censorship, a strip-search, and property claims. None of these claims is properly raised in this habeas corpus petition because, even if

---

[1] Petitioner submitted for filing herein a document he called "the Informal Brief in Support of Habeas Corpus" (Doc. 8), which he also entitled "Petition for the Writ of Habeas Corpus." This was construed and filed as "Supplement to Petition", rather than an Amended Petition; and has been fully considered by the court. Petitioner also filed a document entitled "Line Motion & Sworn Declaration in Support of Petition for Writ of Habeas Corpus" (Doc. 10). This too was construed and filed as a Supplement. These documents are replete with conclusory legal citations, and mere repetition of petitioner's arguments regarding banishment, increased punishment, and Maryland's loss of jurisdiction. They do not contain facts to support a habeas corpus claim or show that petitioner is entitled to habeas corpus relief.
3

proved, they would not entitle Mr. Jones to a speedier or immediate release.  In order to have these claims heard in federal court, Mr. Jones must file a separate complaint upon court-provided forms in which he names as defendants those persons who participated in the alleged unconstitutional acts or omissions[2].  The references in these documents provide no factual support whatsoever for the instant habeas corpus petition.

**IT IS THEREFORE ORDERED** that petitioner's Motions for Leave to Proceed in forma pauperis (Docs. 2 & 6) are denied as moot.

**IT IS FURTHER ORDERED** that this action is dismissed for failure to state a claim under 28 U.S.C. § 2241 for the reasons stated herein and in the court's prior Order of September 3, 2008.

**IT IS SO ORDERED.**

**DATED:  This 19th day of February, 2010, at Topeka, Kansas.**

                                          <u>**s/RICHARD D. ROGERS**</u>
                                          **United States District Judge**

---

[2]    The district court filing fee for a civil complaint is $350.00.